

One Indiana Square, Suite 3500 / Indianapolis, IN 46204-4609
Tel: 317.713.3500 / Fax: 317.713.3699
www.taftlaw.com

JONATHAN G. POLAK
317.713.3532
JPolak@taftlaw.com

February 18, 2019

***VIA ELECTRONIC FILING***

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

      Re:   *Holy Spirit Association for the Unification of World Christianity v. World Peace and Unification Sanctuary, Inc.*, Case No. 3:18-cv-01508-RDM

Dear Honorable Judge Mariani,

      Please accept this letter as Defendant's second submission regarding the pending discovery dispute involving Hak Ja Han Moon ("Mrs. Moon) in the above-captioned litigation. Although this discovery dispute has previously been before this Court on January 17, 2019, Plaintiff has continued to withhold deposition dates for Mrs. Moon despite this Court's Order requiring her deposition go forward.

      The parties in this action previously submitted letter submissions to this Court on December 18, 2019 regarding the issue of whether Defendant was entitled to depose Mrs. Moon pursuant to Fed. R. Civ. P. 30. The parties engaged in a telephonic conference before this Court on January 17, 2019, where this Court granted Defendant's request to compel the deposition of Mrs. Moon and ordered Plaintiff to produce Mrs. Moon for an oral deposition in New York, NY.

      Since this hearing, Defendant has repeatedly requested that Plaintiff provide dates in which to schedule the deposition of Mrs. Moon. Defendant's first request following the hearing occurred on January 22, when Defendant's counsel emailed a list of witnesses to be deposed, including Mrs. Moon, and requested dates regarding the scheduling of such depositions. The parties held a phone conference on January 30, and in response, Defendant's counsel again emailed Plaintiff a list of proposed deposition dates for all witnesses including Mrs. Moon. Plaintiff's counsel responded the same day, stating that they would respond the following week. Defendant's counsel emailed Plaintiff again on February 2 and February 6 regarding the scheduling of Mrs. Moon's deposition, still with no responsive dates from Plaintiff. Finally, on February 7, Plaintiff's counsel sent Defendant a letter stating that Mrs. Moon's deposition should be last of those being deposed, in order to minimize the burden on her, but again with no offer of any specific dates to schedule the deposition before April 30th (the discovery deadline). This suggestion that Mrs. Moon's deposition

should be postponed until all other discovery is completed was raised by Plaintiff's counsel during the January 17 telephonic hearing and was rejected by the Court. In response, Defendant's counsel contacted Plaintiff stating serious objections to the fact that although repeatedly requested, no deposition dates for Mrs. Moon had been tendered, in spite of the unlimited Court Order ordering that her deposition go forward.

While Defendant is aware of this Court's instruction that the parties resolve such disputes amongst themselves, Defendant has no choice but to seek the Court's relief. The absence of any cooperation from Plaintiff whatsoever compels this letter. Mrs. Moon regularly uses her lawyers to fight discovery disputes in this manner in an attempt to delay or avoid her deposition altogether. In the case *The Family Federation For World Peace and Unification International, et al., v. Hyun Jin Moon*, Case No. 2011 CA 003721 B, currently before the Superior Court of the District of Columbia (the "D.C. Litigation"), Mrs. Moon employed similar tactics to attempt to delay or avoid altogether her court ordered deposition by filing a Second Motion for Protective Order instead. (See Ex. 1). Many of the myriad of arguments raised by Mrs. Moon in the D.C. Litigation have also been raised in the present discovery dispute. For example, in the D.C. Litigation Mrs. Moon argued her lack of unique personal knowledge of the subjects permissible under the already existing protective order. This same argument was raised by Plaintiff's counsel in the January 17 hearing and rejected by this Court. Mrs. Moon also argued that she was not the managing agent of the Plaintiff as well as the "apex doctrine", both of which were rejected. Amazingly, despite that clear ruling from the Court, those arguments re-emerged in this proceeding with absolutely no disclosure of that adverse precedent by Plaintiff causing this Court to rule against Mrs. Moon a second time.

In that action, Mrs. Moon repeatedly failed to appear for her deposition – each time with a new reason for delay. As a result of her failure to appear and the "contentious and acrimonious" nature of the dispute, the D.C. Litigation resulted in a sanction against Mrs. Moon to pay the moving party's reasonable attorneys' fees and costs arising from her dilatory tactics. Mrs. Moon was then deposed on July 13th and 14th, 2018, almost a year and a half after the first time Defendants noticed her deposition on March 15, 2017.

It is clear to the undersigned that we are now once again seeing these same tactics emerge in this litigation. Defendant requests this Court's assistance in preventing this delay, expense and sanctionable conduct. In that regard, Defendant requests that this Court enter an order that directs Plaintiff to present Mrs. Moon under the following circumstances: (1) In New York City; (2) for up to two consecutive days of testimony; (3) during the weeks of March 11 or 18 or April 15. Defendant further requests that this Court order Plaintiff to provide confirming dates within five (5) days of this Court's order.

Very truly yours,

Jonathan G. Polak

Encl.
Cc: to all counsel via electronic delivery (w/encl)